UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEVON MASSEY,

     Petitioner,

v.                                                    Case Nos.:  2:23-cv-440-SPC-NPM
                                                                              2:20-cr-129-SPC-MRM

UNITED STATES OF AMERICA,

     Respondent.

_____/

## OPINION AND ORDER

Before the Court is David Levon Massey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[1]

## Background

The United States charged Massey with possession with intent to distribute fentanyl (Count 1) and possession with intent to distribute heroin (Count 2).  (Cr-Doc. 12).  Assistant Federal Defender Yvette C. Gray initially represented Massey.  (Cr-Doc. 10).  She withdrew due to a conflict of interest, (Cr-Doc. 38), and United States Magistrate Judge Mac R. McCoy appointed Mark Scott Youngblood to represent Massey, (Cr-Doc. 42).

---

[1] The Court cites documents from Case No. 2:23-cv-440-SPC-NPM as "Doc. __" and documents from Case No. 2:20-cr-129-SPC-MRM as "Cr-Doc. __."

A couple months later, Massey and the United States executed a plea agreement—Massey would plead guilty to Count 1, and the United States would motion the Court to dismiss Count 2. (Cr-Doc. 54). At a change-of-plea hearing, Judge McCoy thoroughly questioned Massey under oath about the plea agreement, and Massey admitted to the following facts:

> That, on October 7, 2020, the Drug Enforcement Administration and the Cape Coral Police Department executed a search warrant at a one-bedroom apartment in Cape Coral, Florida. Surveillance and investigation conducted prior to the warrant established that Massey was selling controlled substances in and around Cape Coral since at least June, 2020, and lived at the apartment with his girlfriend.
>
> As law enforcement approached the apartment to begin executing the warrant, Massey was exiting and locking the front door with a key. Law enforcement detained him there while they conducted the search. Massey was the sole occupant of the apartment that day, as his girlfriend had traveled out of the country.
>
> Inside the bedroom of the amount, law enforcement located a dresser containing several articles of male clothing and mail addressed to Massey. Inside the top drawer, law enforcement found eight stacks of cash, wrapped in rubber bands, totaling $7,980. The cash was Massey's proceeds from dealing controlled substances.
>
> In a lower drawer, law enforcement found a fanny pack matching one law enforcement had photographed Massey wearing previously. Inside the fanny pack, law enforcement found approximately 91 grams of a mixture and substance containing fentanyl and heroin, as confirmed by a forensic chemist with the DEA. Law enforcement also found a commonly used cutting agent used to cheaply increase the bulk of the drugs, and a digital scale within the dresser. The fentanyl mixture belonged to Massey, and he intended to sell it to others.

(Cr-Doc. 77 at 35-36).  The Court accepted Massey's guilty plea and sentenced him to 222 months in federal prison.  (Cr-Doc. 67).

Massey appealed his conviction and sentence.  (Cr-Doc. 69).  The Eleventh Circuit enforced the appeal waiver in Massey's plea agreement and dismissed the appeal.  (Cr-Doc. 80).  Massey then timely filed his § 2255 motion.  In it, Massey asserts three grounds of ineffective assistance of counsel, and he challenges his status as a career criminal.

## Legal Standards

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)).  The petitioner bears the burden of proof on a § 2255

motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

**B. Effect of a Guilty Plea**

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

**C. Ineffective Assistance of Counsel**

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief under the Sixth Amendment. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id*. Failure to show either *Strickland*

prong is fatal.  *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) ("a court need not address both *Strickland* prongs if the petitioner fails to establish either of them").

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).  The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a preponderance of the evidence." *Id.* (cleaned up).  "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland*, 466 U.S. at 693).

## DISCUSSION

### A. Ground 1: Counsel failed to object to sentencing enhancement

At the sentencing hearing, the Court found Massey subject to a career-criminal enhancement under §4B1.1 of the United States Sentencing Guidelines.  That finding was based on felony convictions in two prior cases: a

state conviction for possession of a controlled substance with the intent to sell or deliver and a federal conviction for conspiracy to possess with intent to distribute Oxycodone and distribution of Oxycodone.  (Cr-Doc. 73 at 21). Massey argues Youngblood should have objected to the conspiracy charge because it does not qualify as a controlled substance offense.

About a year after Massey's sentencing, the Eleventh Circuit held that the definition of "controlled substance offenses" in §4B1.2 does not include inchoate offenses like conspiracy and attempt.  *United States v. Dupree*, 57 F.4th 1269, 1280 (11th Cir. 2023).  *Dupree* overturned *United States v. Weir, 51 F.3d 1031 (11th Cir. 1995)*, which held that conspiring to distribute drugs constitutes a controlled substance offense.  At the time of Massey's sentencing, *Weir* was binding precedent, so the conspiracy charge qualified under §4B1.2. Youngblood cannot be deemed deficient for failing to raise a meritless objection, *see Cave v. Sec'y, Dep't of Corr., 638 F.3d 739, 755 (11th Cir. 2011)*, or for failing to anticipate a future development in constitutional law, *see Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986)*.

Massey also fails to show prejudice.  Massey's prior federal drug case resulted in conviction on two counts—conspiracy *and distribution*.  There is no question that the distribution conviction is a controlled substance offense.  So even without the conspiracy charge, Massey qualified as a career criminal.  A

successful objection to the conspiracy charge would not have reduced Massey's sentence.  Ground 1 is denied.

## B. Ground 2: Counsel failed to properly advise Massey about the plea agreement

Next, Massey claims Youngblood did not effectively advise him regarding the plea agreement.  Massey claims Youngblood failed to advise him of the plea offer, misadvised him that forfeiting money seized by law enforcement would reduce his sentence, failed to show him discovery documents, and pressured him into pleading guilty.

The record refutes this ground.  In his thorough plea colloquy with Judge McCoy, Massey swore under oath: (1) Youngblood explained the charges and any potential defenses and answered all of Massey's questions about the case; (2) Massey understood the sentencing range a guilty plea exposed him to; (3) Youngblood explained the plea agreement and answered all Massey's questions about it; and (4) no one made any promises or assurances to Massey that were not reflected in the plea agreement or otherwise coerced him to accept the plea deal.  (Cr-Doc. 77 at 13-41).  Judge McCoy also went over the important provisions of the plea agreement to ensure Massey understood them; Massey swore that he did.  (*Id.* at 23-34).

Massey's statements at the change-of-plea hearing refute each allegation made in this ground.  They show that Youngblood adequately advised Massey

about the plea agreement, and that Massey understood the details of his case and the consequences of a guilty plea when he changed his plea.  Ground 2 is denied.

## C. Ground 3: Counsel failed to investigate and provide discovery

Massey accuses both Gray and Youngblood of refusing to show him the discovery produced by the government.  He also accuses Youngblood of failing to investigate his case.  Massey speculates that he could have discovered discrepancies in witness statements, learned of exculpatory evidence, and negotiated a better plea deal.  As with the preceding ground, this one is refuted by Massey's own sworn statements.  Massey testified that he fully discussed his case with Youngblood, that Youngblood did everything he asked, and that he was satisfied with the representation Youngblood provided.  (Cr-Doc. 77 at 41).  What is more, Massey does not identify any particular information or evidence his attorneys should have provided to him but did not.  Speculation is not enough.

Massey fails to establish either prong of *Strickland* here.  Ground 3 is denied.

## D. Ground 4: Constitutionality of the sentence

Finally, Massey argues his sentence is unconstitutional because the Court considered his prior conspiracy charge a controlled substance offense when applying the career criminal enhancement.  As explained above, Massey

qualified as a career criminal even without the conspiracy charge because he was convicted of distribution in the same case. Also, Massey's sentence is below the statutory 40-year maximum, so it would be lawful even if Massey were not a career criminal. *See* 21 U.S.C. § 841(b)(1)(B); *see also Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014).

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Massey has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

David Levon Massey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 2, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record